UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RAYSHAWN DOUGLAS,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 13-0610 (ESH) |
| **DISTRICT OF COLUMBIA HOUSING AUTHORITY,** *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

# MEMORANDUM OPINION AND ORDER

On January 16, 2014, plaintiff filed a motion to reopen this case pursuant to Fed. R. Civ. P. 60. (Mem. of P. & A. in Support of Pl.'s Mot. to Reopen ("Mot."), Jan. 16, 2013 [Dkt. No. 28-1].) Plaintiff argues that the Court should reopen the case as to her proposed Count VI based on newly discovered evidence (*id.* at 11) and as to her proposed Count VII based on legal error. (*Id.* at 16.) For the foregoing reasons, plaintiff's motion to reopen is denied.

## BACKGROUND

The Court's prior Memorandum Opinion lays out the relevant factual background to this Rehabilitation Act case. (*See* Mem. Op., Oct. 25, 2013 [Dkt. No. 22] at 1-6.) Plaintiff now comes forth with several new sets of allegations that she contends support the reopening of her case.[1] As to these events, it is noteworthy that none were alleged in plaintiff's amended complaints, but all predated the Court's dismissal of the case on October 25, 2013.

First, plaintiff alleges that during her detail to Stoddert Terrace, which began shortly after she filed this action, someone smashed her car window (Mot., Statement of Facts ("SOF") ¶ 18))

---

[1] Several (though not all) of plaintiff's new allegations are found only in the statement of facts within her motion to reopen and are unsupported by any sworn affidavits or other documentary evidence.

1

and spray-painted derogatory remarks about her on a D.C. Housing Authority ("DCHA") building. (*Id.* ¶ 19.) Plaintiff informed a DCHA Police Officer that she believed a coworker at Stoddert Terrace, who had called her "retarded" during staff meetings and in front of housing project residents (*id.* ¶ 12), was responsible. (*Id.* ¶ 19.) Plaintiff contends that DCHA did not adequately investigate these claims of harassment. (Mot. at 15.)

Second, plaintiff alleges that during her detail to the Lincoln Heights Management Office beginning August 20, 2013 (SOF ¶ 21), her new supervisor excluded her from staff meetings, never issued her a computer, placed her on a time schedule, and told her that she could not leave the premises without permission – actions the supervisor did not take against any other employee. (*Id.* ¶ 22.) Plaintiff also alleges that shortly before Thanksgiving her supervisor gave "food 'baskets'" to every Lincoln Heights employee except her. (*Id.* ¶ 36.)

Third, plaintiff provides e-mail correspondence documenting that on October 22, 2013, a DCHA Labor Relations Manager authorized plaintiff's Lincoln Heights supervisor to record plaintiff's voice using a smart phone (*id.* ¶ 29; Mot., Ex. J), purportedly to document plaintiff's use of "foul language in the office." (Mot., Ex. I.) On October 25, 2013, plaintiff's supervisor sent an e-mail to the Labor Relations Manager with a recording of plaintiff. (SOF ¶ 31; Mot, Ex. K.) There is no indication that plaintiff was aware that she was being recorded.

Around that same time, on October 20, 2013, plaintiff's counsel requested from DCHA permission for plaintiff to telework or, in the alternative, to be placed on paid administrative leave on account of the alleged acts of harassment. (SOF ¶ 23; Mot. Ex. F.) Plaintiff's counsel stated that if defendant were to deny plaintiff's request, she would file a motion for a temporary restraining order and injunctive relief. (SOF ¶ 23; Mot. Ex. F.)

On October 25, 2013, the Court dismissed plaintiff's federal claims with prejudice, denied her motion to amend her complaint to add Counts VI and VII on futility grounds, and dismissed her state-law claim for lack of subject matter jurisdiction. (10/25/13 Mem. Op. at 20.) Of relevance to the present motion, the Court held that plaintiff's proposed Count VI – which alleged that DCHA retaliated against plaintiff for bringing this suit by detailing her to Stoddert Terrace – was futile because the detail amounted to a "lateral transfer" that did not constitute an adverse employment action. (*Id.* at 17-18.) The Court also held that plaintiff's proposed Count VII – which alleged that DCHA retaliated against plaintiff for bringing a prior suit by demoting her – was futile because, according to the personnel action form attached to her complaint, plaintiff was demoted more than six months prior to filing that case. (*Id.* at 18-19.)

Three days after the case was dismissed, on October 28, 2013, DCHA denied plaintiff's request to telework or for administrative leave, asserting that plaintiff needed to make the request personally through DCHA's Human Resources Department. (Mot., Ex. G at 1.) On November 4, 2013, plaintiff filed a motion for reconsideration of the Court's denial of her motion to amend her complaint to add Count VII.[2] (Mot. for Reconsideration, Nov. 4, 2013 [Dkt. No. 24].)

On November 22, 2013, plaintiff informed her counsel that her supervisor had video-recorded her. (SOF ¶ 28.) On December 8, 2013, plaintiff's counsel claims that he prepared a draft affidavit regarding the video-recording incident, intending to attach the affidavit to a reply to plaintiff's motion for reconsideration, but ultimately this reply was never filed.[3] (SOF ¶ 37.) Any such reply would have been untimely by at least two weeks under Local Rule 7(d), and on

---

[2] Plaintiff mentioned none of the events on which she now relies in her motion for reconsideration.

[3] Plaintiff contends that the alleged acts of video recording amount to criminal cyberstalking under D.C. Code § 3131 *et seq.* (Mot. at 13-14; Pl.'s Reply to Opp'n to Mot. to Reopen Case ("Reply"), Feb. 11, 2014 [Dkt. No. 34] at 2.) The Court ultimately need not address this legal contention.

3

December 9, 2013, the Court denied plaintiff's motion for reconsideration. (Mem. Op. & Order, Dec. 9, 2013 [Dkt. No. 26] at 2.)

## LEGAL STANDARD

Fed. R. Civ. P. 60(b) permits a court to grant relief from a final judgment for several enumerated bases, Fed. R. Civ. P. 60(b)(1)-(5), or, in the alternative, for "any other reasons that justifies relief." *Id.* 60(b)(6). A district court "is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion." *Twelve John Does v. Dist. of Columbia,* 841 F.2d 1133, 1138 (D.C. Cir. 1988). In exercising this discretion, the Court "must balance the interest in justice with the interest in protecting the finality of judgments." *Summers v. Howard Univ.,* 374 F.3d 1188, 1193 (D.C. Cir. 2004). As such, "[t]he party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief." *Green v. AFL–CIO,* 811 F. Supp. 2d 250, 254 (D.D.C. 2011).[4]

## ANALYSIS

**I.     COUNT VI**

Plaintiff first argues that her case should be reopened as to Count VI based on "new information concerning Defendant DCHA's continued and unabated retaliation against the Plaintiff." (Mot. at 11.) A motion to reopen based on new evidence is considered under Fed. R. Civ. P. 60(b)(2). Under Rule 60(b)(2), "the movant must demonstrate that: (1) the newly discovered evidence is of facts that existed at the time of trial or other dispositive proceeding; (2) the party seeking relief was justifiably ignorant of the evidence despite due diligence; (3) the evidence is admissible and is of such importance that it probably would have changed the

---

[4] Defendants initially argue that this Court lacks jurisdiction because plaintiff noticed an appeal of the Court's order dismissing her case on January 9, 2014. (Opp'n to Pl.'s Mot. to Reopen Case, Feb. 3, 2014 [Dkt. No. 31] at 2-3.) Plaintiff's withdrawal of her notice of appeal moots this contention. (Notice of Withdrawal of Appeal, January 16, 2014 [Dkt. No. 30].)

outcome; and (4) the evidence is not merely cumulative or impeaching." *Duckworth v. U.S. ex rel. Locke,* 808 F.Supp.2d 210, 216 (D.D.C. 2011).

Much of plaintiff's "new evidence" fails to satisfy Rule 60(b)(2) because it consists of actions *specifically directed* at plaintiff that occurred prior to the Court's dismissal of the case – for instance, the alleged acts of vandalism and verbal harassment by co-workers. Plaintiff cannot claim justifiable ignorance with regard to actions directed at her, which she experienced in the moment, and for which she threatened – during the pendency of this action – to file a restraining order and injunction against DCHA. *See Lans v. Gateway 2000, Inc.*, 110 F. Supp. 2d 1, 5 (D.D.C. 2000) ("[E]vidence cannot be newly discovered if it was known to the party at the time of trial."). Accordingly, plaintiff is not entitled to relief with regard to those allegations.[5]

In contrast, although the video-recording of plaintiff's workplace actions occurred before the Court dismissed the case, it appears plaintiff's ignorance of it at that time is justifiable. Nonetheless, the evidence of video-recording is not of "such importance" that it would have changed the Court's determination to deny plaintiff's motion to amend her complaint to add Count VI. The video-recording of plaintiff's workplace actions is completely unrelated to her claim in Count VI – that DCHA retaliated against her by detailing her to Stoddert Terrace; indeed, the recording occurred almost six months later at a separate DCHA office.

---

[5] In her reply brief, plaintiff seems to blame the Court for her failure to timely raise several of her new allegations. (Reply at 3.) In particular, plaintiff asserts that she and her counsel "notified th[e] Court concerning the vandalism of the Plaintiff's vehicle and Plaintiff's work duty station" through a proposed surreply and that the Court "claimed that, in accordance with [Local Rule] 7(m), [her] Motion for Leave to file [a] Surreply had to first be submitted to the opposing counsel for their review before it could be entered into the record." (*Id.*) Plaintiff filed her motion for leave to file a surreply on August 19, 2013. That same day, the Court properly denied the motion *without prejudice* for failure to comply with Local Rule 7(m). *See Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006). Plaintiff had ample time thereafter to comply with Local Rule 7(m) and refile her motion before the case was dismissed on October 25, 2013. It is plaintiff's counsel, *not* the Court, who is responsible for the failure to properly raise these new allegations.

Plaintiff attempts to sidestep this issue by arguing, for the first time, that Count VI should be construed as a retaliatory hostile work environment claim. (Mot. at 15-16.) While a hostile work environment may amount to retaliation, *Hussain v. Nicholson*, 435 F.3d 359, 366 (D.C. Cir. 2006) (citing *Singletary v. Dist. of Columbia*, 351 F.3d at 519, 526 (D.C. Cir. 2003)), plaintiff did not pursue a retaliatory hostile work environment claim through her proposed Count VI, but limited her claim to one of retaliation only. *See Baird v. Gotbaum*, 662 F.3d 1246, 1252 (D.C. Cir. 2011) (describing the differences between a claim for retaliation and a claim for a retaliatory work environment); *Sims v. Dist. of Columbia*, -- F. Supp. 2d. ---, 2014 WL 487062 (D.D.C. Feb. 6, 2014) ("[T]he metric for success on a hostile work environment claim is different from a claim of retaliation."). Because Rule 60(b) is not "a vehicle for presenting theories . . . that could have been raised previously," *Fund For Animals v. Williams*, 311 F. Supp. 2d 1, 5 (D.D.C. 2004), the Court will deny plaintiff's motion to reopen as to her proposed Count VI.[6]

## II. COUNT VII

Plaintiff also argues that the Court should reopen the case as to her proposed Count VII (Mot. at 16), in which she alleged that DCHA retaliated against her for filing a prior action by demoting her. (SAC at 34-35.) The Court denied plaintiff's motion to amend her complaint to add Count VII on futility grounds because the face of the personnel action demoting her, which was attached to and therefore incorporated into her complaint, demonstrated that she had been demoted "more than six months before she undertook a protected activity by filing the complaint," and plaintiff failed to allege in her complaint that the date on the personnel action

---

[6] Plaintiff alternatively asserts that her new allegations justify reopening the case under Fed. R. Civ. P. 60(b)(6)'s catch-all provision. (Reply at 2.) However, relief under clause (b)(6) is available only if the motion "is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). Because plaintiff's motion to reopen based on "newly discovered evidence" is properly actionable under clause (b)(2), her motion pursuant to clause (b)(6) fails. *See Epps v. Howes*, 573 F. Supp. 2d 180, 185 (D.D.C. 2008).

was incorrect or, as she asserted in her opposition brief without any support, that it was "falsified." (10/25/13 Mem. Op. at 18.) In denying plaintiff's motion to reconsider this holding, the Court reaffirmed that it did not err when it concluded that plaintiff failed to properly plead any basis to overcome "the presumptive veracity of that otherwise-determinative date." (12/9/13 Mem. Op. & Order at 2.) Through this motion, plaintiff again seeks the Court's reconsideration of its denial of her motion to add Count VII to her complaint.

The Court interprets plaintiff's motion as one under Fed. R. Civ. P. 60(b)(1). Under Rule 60(b)(1) the Court may relieve a party from an otherwise final order on the basis of "mistake, inadvertence, surprise, or excusable neglect." "Standing alone, a party's disagreement with a district court's legal reasoning or analysis is rarely, if ever, a basis for relief under Rule 60(b)(1)." *Munoz v. Bd. of Trustees of Univ. of D.C.*, 730 F. Supp. 2d 62, 67 (D.D.C. 2010). Indeed, the D.C. Circuit has only recognized such a possibility where the district court has made an "obvious error," such as basing its legal reasoning on case law that, unbeknownst to the court, recently had been overturned. *See Dist. of Columbia Fed'n of Civic Ass'ns v. Volpe,* 520 F.2d 451, 451-53 (D.C. Cir. 1975); *see also Bestor v. F.B.I.*, 539 F. Supp. 2d 324, 328 (D.D.C. 2008).

Plaintiff points to no such "obvious error."[7] Instead, plaintiff merely recycles her twice-rejected arguments and tacks on non-sequiturs impugning the integrity of District of Columbia officials and their lawyers. This is insufficient for relief under Rule 60(b)(1).

---

[7] Just as the Court will not reconsider its legal conclusions as to Count VII, so to it will not consider plaintiff's attempt to "meet her burden of production with regard to Count VII." (Mot. at 19-21.) The futility of Count VII was premised not on plaintiff's failure to *produce evidence* that the date on the personnel action was fabricated, but on plaintiff's failure to *allege so in her complaint*. (*See* 12/9/13 Mem. Op. & Order at 1-2; 10/25/13 Mem. Op. at 18-19 & n.8.) In any event, because plaintiff either knew of, or would have discovered through the exercise of due diligence, all of the newly proffered evidence prior the Court's dismissal of this case, relief is not available through these new attempts to "meet her burden." *See Lans*, 110 F. Supp. 2d at 5.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's Motion to Reopen [Dkt. No. 28] is **DENIED**.

/s/

ELLEN SEGAL HUVELLE
United States District Judge

Date: February 28, 2014